STATE OF MAINE      ~ ~~;~) ?. FIL~~)      SUPERIOR COURT
KENNEBEC, ss                                CRIMINAL ACTION
                                            DOCKET NO. CR-97-163

                    JAN ~ 8 2001           ~/M -K~/- 1/8/2001
STATE OF MAINE
                    Clerk of Courts
    v.              Kennebec County        ORDER ON PETITION
                                            FOR POST-CONVICTION
JEFFREY EDWARDS,                            REVIEW

        Defendant

On 12/28/00, hearing was held on grounds three-five of the Amended

Petition for Post-Conviction Review. In the petition, the petitioner argues that he

received ineffective assistance of counsel because petitioner's trial counsel failed to

obtain a plea agreement similar to that of the co-defendants, failed to bring to the

court's attention the sentences imposed on the co-defendants, and failed to provide

copies of discovery materials to the petitioner. At trial, the petitioner also argued

that counsel should have advised the court that the petitioner was pleading guilty

against counsel's advice.

The petitioner was indicted on 10/21/97 and was not arrested on the

indictment until 10/31/98. He was arraigned on 11/6/98, entered a plea on 11/10/98,

was released on bail pending sentencing on 11/30/98, and after a stay of execution,

began his sentence on 12/7/98. The agreement reached with District Attorney Crook

on behalf of the petitioner provided for either a cap recommendation of 20/15/6

with the defendant arguing for less or an agreed recommendation of 15/7/6. The

plea agreement also provided that the plea would be entered on 11/6/98 and the

matter would be continued for sentencing to 11/30/98. If the defendant appeared

1

and pleaded, the State would not oppose a reduction of bail to $2500.00 cash. See State's Exhibit 3.

Co-defendant Michael Brown pleaded on 12/16/97 and received sentences of 6/2/6, 5/2/4, and 5/2/4 on, respectively, robbery, theft, and aggravated assault. Mr. Brown cooperated with the authorities with regard to these charges and had a minimal prior record. See Defendant's Exhibit 2.

Co-defendant Steven McMann pleaded on 4/16/98 and received sentences of 10/3/6, 1 year, and 4 years on, respectively, robbery, theft, and aggravated assault. See Defendant's Exhibit 4. Mr. McMann also cooperated with the authorities, had no prior felony convictions, and had previously never served more than 30 days in jail. See State's Exhibit 4.

The District Attorney recommended a cap sentence for both co-defendants Brown and McMann of 15/7/6 and their attorneys were permitted to argue for a reduced sentence. Petitioner Edwards was not offered the cap agreement of 15/7/6. That offer could not have been made to petitioner Edwards because at the time the co-defendants pleaded and were sentenced, petitioner Edwards could not be found by the authorities and had not yet been arraigned on the indictment. Cf. Defendant's Exhibits 1 & 3.

Prior to these convictions, petitioner Edwards had several felony convictions and he committed this robbery, theft, and aggravated assault within one year after having been released from a three-year sentence to the Department of Corrections for convictions for two class B burglaries, a class B theft, and a class D theft. See

State's Exhibit 2.

Petitioner's trial counsel met with the petitioner on two or three occasions prior to the Rule 11 proceeding. Counsel brought the discovery to the jail each time and discussed it with the petitioner. It is not disputed that a copy of the written discovery materials were not provided to the petitioner. It is trial counsel's practice to give discovery to clients who request it.

The petitioner testified that he agreed to plead to these three charges only because his trial counsel told him that the agreed sentence of 15/7/6 was in the petitioner's best interest. This testimony is not credible. The court finds instead that the petitioner's primary concern throughout the proceedings in court was to be released from jail so that he could be with his son. See, e.g., State's Exhibit 1. As noted above, the State agreed to a reduction of cash bail so that the petitioner would be released from jail during the period of time between the plea and the sentencing. The defendant then obtained, over the State's objection, a one-week stay of execution of the sentence. It was the petitioner's intent from the beginning of these cases to plead guilty and to do "whatever it took" to get out of jail to see his son. His trial counsel advised the petitioner not to accept the State's recommendation; counsel believed that after trial or during an open plea, he could obtain a sentence of less than 15/7/6 because counsel believed he could prove that petitioner Edwards had not caused the injury to the victim and because of the sentences of the co-defendants, even though they had significantly less serious records.

The petitioner has failed to prove on this record that there was any serious

3

incompetency, inefficiency, or inattention of his trial counsel. See <u>Aldus v. State</u>, 2000 ME 47, ¶ 12, 748 A.2d 463, 467. Further, this record makes clear that the petitioner was determined to plead guilty to these offenses in order to secure release from incarceration to see his son prior to the commencement of the sentence. See <u>Laferriere v. State</u>, 1997 ME 169, ¶¶ 7-8, 697 A.2d 1301, 1304-05.

The petitioner argues for the first time during the hearing that because counsel should have advised the court during the Rule 11 proceeding that the plea was against counsel's advice and that the court erred in determining that the plea was voluntary. The Rule 11 and sentencing transcripts were filed on 9/13/99. Any argument regarding the Rule 11 proceeding should have been added to the petition prior to the hearing. Although trial counsel advised his client not to accept the plea agreement, counsel did not want to jeopardize the court's acceptance of a plea agreement, which his client clearly wanted to accept. The petitioner has not proved that his plea was not the voluntary and knowing choice of a guilty person. See <u>id</u>. ¶ 9, 697 A.2d at 1305; <u>see also</u> Rule 11 Transcript at 3-10, 12-15, 19-24.

The entry is

The Petition for Post-Conviction Review is DENIED.

Dated: January 6, 2001

Nancy Mills
Justice, Superior Court

4

W EDWARDS
CORRECTIONAL CENTER PO BOX 250
ÆH WINDHAM ME 04062

SUPERIOR COURT
KENNEBEC, ss.
Docket No  AUGSC-CR-1999-00163

**DOCKET RECORD**

PL. ATTY: DAVID CROOK

State's Attorney: ROBERT SANDY

Filing Document: PETITION
Filing Date: 05/12/1999

Major Case Type: POST CONVICTION REVIEW

## Charge(s)

## Docket Events:

05/17/1999 FILING DOCUMENT - PETITION FILED ON 05/12/1999

05/17/1999 MOTION - MOTION FOR APPOINTMENT OF CNSL FILED BY DEFENDANT ON 05/12/1999

WITH INDIGENCY AFFIDAVIT.

05/24/1999 OTHER FILING - OTHER DOCUMENT FILED ON 05/24/1999

CERTIFICATE OF ACCOUNT BALANCE FILED BY DEFT.

05/24/1999 JUDICIAL - ASSIGNMENT ASSIGNED TO DOCKET ON 05/24/1999
S KIRK STUDSTRUP , JUSTICE
POST-CONVICTION ASSIGNMENT ORDER FILED AND INCORPORATED HEREIN BY REFERENCE; CASE ASSIGNED
TO THE REGULAR CRIMINAL DOCKET; CONDITIONAL APPOINTMENT OF COUNSEL; TIME LIMITS
ESTABLISHED.

06/18/1999 MOTION - MOTION FOR APPOINTMENT OF CNSL GRANTED ON 06/17/1999

ROBERT SANDY ESQ COURT APPOINTED. DEFENDANT IS FOUND TO BE INDIGENT. COPY TO COUNSEL.

08/10/1999 MOTION - MOTION FOR ENLARGEMENT OF TIME FILED BY DEFENDANT ON 08/09/1999

PETITIONER'S MOTION FOR ENLARGEMENT OF TIME TO AMEND PETITION AND IDENTIFY WITNESSES.

08/12/1999 OTHER FILING - COURT ORDER FILED ON 08/10/1999
JOHN R ATWOOD , JUSTICE
ON PETITIONER'S MOTION FORENLARGEMENT OF TIME TO AMEND PETITION.  COPIES TO ATTYS.

08/12/1999 MOTION - MOTION FOR ENLARGEMENT OF TIME GRANTED ON 08/10/1999
JOHN R ATWOOD , JUSTICE
IT IS ORDERED WITHIN 45 DAYS AFTER THE DATE PET.'S ATTY. RECEIVES TRANSCRIPT OF RULE 11 &
SENTENCING HEARING, COUNSEL SHALL FILE AN AMENDED PETITION OR NOTICE THAT NO AMENDED
PETITION IS TO BE FILED & THE STATE SHALL FILE A RESPONSE WITHIN 20 DAYS.  WITHIN 60 DAYS
AFTER THE DATE PET.'S ATTY. RECEIVES TRANSCRIPTS, ATTY. SHALL FILE WITH THE COURT A LIST
OF WITNESSES HE EXPECTS TO CALL TO TESTIFY & A STATEMENT INDICATING EACH WITNESS'S
EXPECTED TESTIMLY.

08/31/1999 MOTION - MOTION TO PREPARE TRANSCRIPT FILED BY DEFENDANT ON 08/09/1999

08/31/1999 MOTION - MOTION TO PREPARE TRANSCRIPT GRANTED ON 08/10/1999
JOHN R ATWOOD , JUSTICE
COPYTO JANETTE COOK AND ELECTRONIC RECORDING

09/13/1999 OTHER FILING - TRANSCRIPT FILED ON 09/13/1999

SENTENCING TRANSCRIPT OF 11/30/98 BEFORE JUSTICE HUMPHREY

09/21/1999 OTHER FILING - TRANSCRIPT FILED ON 09/21/1999

Printed on: 01/09/2001